[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY(DOCKET ENTRY NO. 188)
The marriage of the parties was dissolved in 1994. The dissolution apparently did not serve to end many disputes between the parties, especially as they relate to matters involving custody and visitation for the parties' minor children. The file is thick with such motions filed by both parties. The merit of some of the motions is presently being investigated by Family Services, and the parties as well as the court are awaiting a report and recommendation.
At a hearing on one of these motions, in October, 1997, the plaintiff raised the issue of whether Attorney Gary Mastronardi CT Page 13544 should be disqualified from representing the defendant, based upon Attorney Mastronardi's previous representation of the plaintiff. This court ordered Attorney Mastronardi to file an affidavit with the court, setting forth any facts or circumstances which might bear upon the issue of disqualification. Attorney Mastronardi has filed such affidavit.
The plaintiff then filed a motion to disqualify (docket entry no. 188) Attorney Mastronardi or any other member of his firm from representing the defendant. The defendant has objected. At a short calendar hearing on the motion to disqualify, the plaintiff herself testified as to Attorney Mastronardi's representation of her. Therefore, this court has before it both Attorney Mastronardi's affidavit and the plaintiff's own testimony.
In Connecticut, the Rules of Professional Conduct regulate the conduct of attorneys. Rule 1.9, relating to conflicts of interests regarding former clients, controls the instant situation. Rule 1.9 states:
 "A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or,
 (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
A recent leading case on the issue of attorney disqualification is Bergeron v. Mackler, 225 Conn. 391
(1993). There, our supreme court stated that:
 "Disqualification of counsel is a remedy that serves to `enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information.' Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518 F.2d 751, 754
(2d Cir. 1975).
CT Page 13545
 In disqualification matters, however, we must be `solicitous of a client's right freely to choose his counsel'; Government of India v. Cook Industries, Inc., 569 F.2d 737, 739 (2d Cir. 1978); mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and `may lose the benefit of its longtime counsel's specialized knowledge of its operations. Id.
 The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely seeking counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507, 457 A.2d 296 (1983), overruled in part, Burger Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987). Bergeron, supra, at 397-398.
Rule 1.9 is not so sweeping as to require an attorney's disqualification from representing a person whose interests are materially adverse to the interests of the former client. Rather, the rule bars an attorney from representing another person in thesame or a substantially related matter in which that person's interests are materially adverse to the interests of the former client. (Emphasis added.) "The substantial relationship test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.' Government of India v. Cook Industries, Inc.,569 F.2d 737, 739-40 (2d Cir., 1978)." ". . . Once the existence of a prior attorney-client relationship is established and a substantial relationship between the matters in issue is found, the court need not inquire whether the attorney in fact received confidential information, because the receipt of such information is presumed. (Citations omitted.)" State v. Jones,180 Conn. 443, 449-50 (1980). See also, Goldenberg v. CorporateAir, Inc., 189 Conn. 504, 511-12 (1983). The court may also consider "the length of time which elapses between the claimed adverse representations . . . ." Knights of Columbus v.CT Page 13546Salisbury, 3 Conn. App. 201, 205 (1985).
The court, then, applies these principles to the case at hand. Attorney Mastronardi has represented the defendant continuously since approximately 1985. During that time, and before the parties' divorce, he had also represented the plaintiff. The nature of the cases in which he represented that plaintiff was separate and distinct from matters relating to custody, visitation or support of the parties' children. While the plaintiff testified that she gave Attorney Mastronardi confidential or personal information, the court does not find that is unnatural. She has not specified the nature of that confidential or personal information, although the court assumes that it was information necessary for Attorney Mastronardi to represent her in the matters which he did. UnlikeGoldenberg, supra, at 512, the plaintiff has not shown that Attorney Mastronardi has had the opportunity for disclosure of confidential information to an adversary, here, the plaintiff's former husband. This is so because of the distinct and separate nature of the present matters, compared to the matters in which Attorney Mastronardi formerly represented the plaintiff. The court also notes that the last time Attorney Mastronardi represented the plaintiff was, by her own admission, some seven years ago. Therefore, the court has doubts that any information imparted by the plaintiff to Attorney Mastronardi would be current or useful.
"The standards for attorney disqualification are directed at protecting client confidences. They may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings."Bergeron, supra, at 400.
This court has not been persuaded that Attorney Mastronardi should be disqualified from representing the defendant. Accordingly, the plaintiff's motion to disqualify is denied.
So ordered.
KAVANEWSKY, J. CT Page 13547